# EXHIBIT C

120204007

IN THE CIRCUIT COURT FOR BALTIMORE CITY

**STATE OF MARYLAND**

**v.**

**JAMONTAZ MITCHELL**

[redacted]

D.O.B.: [redacted], SID: [redacted]

Tracking Number: 19-7024-01047-0

(TRUE BILL)

GRAND JURY FOREPERSON

FILED: July 22, 2020

CHARGES:

Participation in a Criminal Gang (Maryland Criminal Law Article § 9-804(a))
Participation in a Criminal Gang – Conspiracy (Maryland Criminal Law Article § 9-804(d))
Conspiracy – Maintain and Promote Criminal Enterprise by Unlawful Means (Common Law)
Conspiracy to Distribute Controlled Dangerous Substances (Common Law)
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Nexus – Firearm/Controlled Dangerous Substance (Maryland Criminal Law Article § 5-621(b)(1))
Firearm – Transport in Vehicle (Maryland Criminal Law Article § 4-203)
Regulated Firearm: Illegal Possession Disqualifying Crime (Maryland Criminal Law Article § 5-133(b)(1))
Regulated Firearm: Illegal Possession by Person under 21(Maryland Criminal Law Article § 5-133(d))
Possession with Intent to Distribute (Maryland Criminal Law Article § 5-602(2))
Possession with Intent to Distribute (Maryland Criminal Law Article § 5-602(2))
Possession with Intent to Distribute – Fentanyl (Maryland Criminal Law Article § 5-608.1)
Possession of Controlled Dangerous Substance (Maryland Criminal Law Article § 5-601(a)(1))
Possession of Controlled Dangerous Substance (Maryland Criminal Law Article § 5-601(a)(1))
Possession of Paraphernalia (Maryland Criminal Law Article § 5-619(c)(2))

Possession of Paraphernalia (Maryland Criminal Law Article § 5-619(c)(2))
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Possession of Controlled Dangerous Substance – Large Amount (Maryland Criminal Law Article § 5-612)
Possession with Intent to Distribute (Maryland Criminal Law Article § 5-602(2))
Possession with Intent to Distribute (Maryland Criminal Law Article § 5-602(2))
Possession with Intent to Distribute – Fentanyl Mixture (Maryland Criminal Law Article § 5-608.1)
Possession of Controlled Dangerous Substance (Maryland Criminal Law Article § 5-601(a)(1))
Possession of Controlled Dangerous Substance (Maryland Criminal Law Article § 5-601(a)(1))
Possession of Paraphernalia (Maryland Criminal Law Article § 5-619(c)(2))
Possession of Paraphernalia (Maryland Criminal Law Article § 5-619(c)(2))
Regulated Firearm: Illegal Possession Disqualifying Crime (Maryland Criminal Law Article § 5-133(b)(1))
Regulated Firearm: Illegal Possession by Person under 21(Maryland Criminal Law Article § 5-133(d))

WITNESSES:

**Deputy Sheriff Jamile Boles**
**Baltimore City Sheriff's Office**

**Trooper First Class Marcus Easley**
**Maryland State Police**

| | | |
|---|---|---|
| **STATE OF MARYLAND** | * | **IN THE** |
| **v.** | * | **CIRCUIT COURT** |
| **JAMONTAZ MITCHELL** | * | **FOR BALTIMORE CITY** |
| **Defendant** | * | **CASE NO:** |

# INDICTMENT

The Grand Jurors for the State of Maryland for Baltimore City charge:

## COUNT ONE
## (PARTICIPATION IN A CRIMINAL GANG)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that, aforesaid DEFENDANT, at least as early as November 2018 through the present day, in Baltimore City and Baltimore County, of the State of Maryland, along with others known and unknown to the Jurors, did participate in a criminal gang, referred to herein as the "Enterprise," knowing that the members of said gang engage in criminal gang activity and knowingly and willfully directed and participated in an underlying crime committed for the benefit of, at the direction of, and in association with a criminal gang, in violation of the Criminal Law Article, Section 9-804(a), of the Maryland Code; against the peace, government, and dignity of the State.

## Background

1. Since at least 2018, the Defendants and others known and unknown, have been members and associates of a criminal enterprise that was operating in Baltimore City, and elsewhere (hereinafter "the Enterprise").

2. The members of this Enterprise consist of, among others, those who are closely affiliated with Xavier JOHNSON. JOHNSON, an individual who is also known by his performance name "Lor X" or "The South Baltimore Godfather," is the leader of the organization and provides funding, clout, and contacts to facilitate the illegal Enterprise. JOHNSON's success both in his music career and in his Controlled Dangerous Substance (hereinafter "CDS") distribution has allowed his influence to spread. JOHNSON often travels back and forth between Baltimore City, Maryland, and Los Angeles, California, to facilitate his music career and his CDS connections.

3. JOHNSON surrounds himself with various lieutenants who oversee the day-to-day operation of the Enterprise's various CDS shops. Lower ranking members, including but not limited to, those who have a biological relationship to other members, a historical friendship with

other members, or a longstanding co-existence in the Enterprise's geographical territory also participate in the Enterprise in varying roles.

4. In maintaining its dominance in that territory, the Enterprise traffics, among other things, heroin, fentanyl, and designer marijuana. Often, the fentanyl is mixed with heroin, or tramadol.

5. The members and associates of the Enterprise generally have specific roles and directives within the organization. The members and associates sometimes work different shifts, with some members working in the early hours of the day, and some members not beginning until the evening.

**Manner, Means, and Methods of the Conspiracy**

6. The Enterprise seeks, among other things, to maintain control of the drug trade in its territory and to protect the members and operations of the organization from interdiction and interruption by law enforcement. The manner, means, and methods by which the Defendants and their associates achieve the objectives of the conspiracy include, but are not limited to, the following:

7. Members and associates of the Enterprise do, individually and collectively, distribute and conspire to distribute, among other things, heroin, fentanyl, and designer marijuana, on behalf of the organization in the territory controlled by the organization.

8. Members and associates of the Enterprise do, individually and collectively, wear, carry, and transport, and conspire to wear, carry, and transport firearms.

9. Members and associates of the Enterprise maintain control over their drug territory and generally permit only other members and associates of their organization to sell CDS in their territory.

10. Members and associates of the Enterprise utilize social media to broadcast, promote, and advertise their criminal activity. Xavier JOHNSON uses his persona as "Lor X" and "the South Baltimore Godfather" to promote both his music career and the Enterprise's CDS distribution.

11. Members and associates of the Enterprise use cellular telephones and social media accounts to communicate with one another concerning and during the commission of the Enterprise's illegal activities, including to plan meetings to exchange money or drugs, check on the status of the CDS distribution locations, warn each other about law enforcement presence, and communicate with those interested in purchasing illegal substances and weapons.

12. Members and associates of the Enterprise often communicate through coded and short text and social media messages in an attempt to conceal the illegal acts done in furtherance of the Enterprise, and to avoid detection and apprehension by law enforcement. Xavier JOHNSON directed his lieutenants to delete messages after discussing criminal activity, instructed them to

keep social media account passwords private, and warned them to not let non-trusted individuals borrow phones. Xavier JOHNSON used and abandoned over a dozen cell phone numbers during the investigation.

13. Similarly, members and associates of the Enterprise often communicate using video chat features available through social media applications in an attempt to avoid detection and apprehension by law enforcement. It is well known by members of the Enterprise that video chat is not as susceptible to interception as text and audio communications are.

14. Members and associates of the Enterprise utilize the homes of members, associates, and family members, to stash, store, process, and safeguard illegal drugs, weapons, and proceeds, and as a place to retreat if police enter the territory. Xavier JOHNSON has directed other members of the Enterprise to lease apartments in downtown Baltimore for the purpose of serving as hubs to store, process, and distribute CDS. To avoid interception by law enforcement, JOHNSON orders the members of the Enterprise to use false names or names that would not be immediately attributable to JOHNSON when renting residences.

15. Members and associates of the Enterprise utilize vehicles as part of their CDS distribution. Often, CDS transactions are conducted within and between their vehicles. The members additionally use vehicles as meeting places to discuss topics concerning the Enterprise's operation as well as to transport CDS between stash locations and the CDS shops.

16. Members and associates of the Enterprise carry and have carried on their persons, and in their vehicles, homes, and communal stash locations, loaded firearms in order to carry out violence, to protect themselves from retaliation, and to safeguard their CDS trafficking and criminal activities.

17. In addition to distributing, packaging, transporting, and protecting the Enterprise's CDS, members and associates of the Enterprise fulfill various supporting roles for Xavier JOHNSON, including acting as personal drivers, bodyguards, promoters, and managing his property rentals and finances.

**Overt Acts in Furtherance of the Conspiracy**

18. In furtherance of the conspiracy and to achieve the objectives thereof—and for the benefit of, at the direction of, and in association with the Enterprise—the Defendants, and others known and unknown, knowingly and willfully directed, participated in, performed, and caused to be performed the following acts, among others, in and throughout Maryland, including in Baltimore City and Baltimore County, and elsewhere:

19. On November 13, 2018, Xavier JOHNSON directed Gerald Brown, a member of the Enterprise, to rent Apartment 408 of 300 St. Paul Place, Baltimore, Maryland, for use by the Enterprise.

20. On May 20, 2019, at Apartment 408, Gerald Brown, Briah SHARPE and Joseph SPEED, all members of the Enterprise, managed and maintained the stash location for the use of

the Enterprise. BROWN, SHARPE, and SPEED possessed two kilograms of fentanyl, a handgun, and CDS packaging materials.

21. On June 7, 2019, Gerald Brown was murdered at 3711 W. Forest Park Avenue, shortly after he was heard saying that he was not going to "go down" for the items recovered in the search warrant at 300 St. Paul Place.

22. On July 23, 2019, in the 6900 block of Milbrook Park Drive, Baltimore County, Maryland, Joseph SPEED and Briah SHARPE possessed 149 gel caps of suspected heroin and a handgun in their vehicle.

23. On October 11, 2019, Antoine CEASAR, a member of the Enterprise, entered Apartment 509 of the Munsey Apartments building at 7 N. Calvert Street, Baltimore City, Maryland, a stash location controlled by the Enterprise.

24. On October 15, 2019, Antoine CEASAR entered Apartment 509 of the Munsey Building with a large bag of suspected CDS.

25. On October 21, 2019, Donte JONES, a high-ranking member of the Enterprise, and Anthony SMITH, a member of the Enterprise, entered Apartment 509 of the Munsey Building with bags of suspected CDS.

26. On November 9, 2019, Donte JONES and Kennard RICE, a member of the Enterprise, had a conversation about how much CDS the CDS shop had left.

27. On December 6, 2019, Donte JONES and Kennard RICE had a conversation about how the money made from RICE's CDS sales was not matching the amount of product sold.

28. On November 27, 2019, Kennard RICE set up a meeting with Michael Ehudin in order to distribute CDS. This is consistent with RICE's utilization of his cell phone over the course of this investigation to communicate with various customers to arrange for the sale of the Enterprise's CDS.

29. On December 9, 2019, Donte JONES and Tavon LUNSFORD, a member of the Enterprise, discussed that the Enterprise's proceeds from CDS sales were being mismanaged by members.

30. On December 17, 2019, at or near the Royal Farms at 1801 Washington Boulevard, Baltimore, Maryland, Xavier JOHNSON met with Tyree HOLMES, a member of the Enterprise, to give HOLMES an amount of CDS. Later that day, two members of the Enterprise who report to HOLMES were arrested while in possession of 150 gel caps of fentanyl and a handgun in the 2100 block of Wilkens Avenue, an area of the Enterprise that HOLMES maintains.

31. On December 18, 2019, at or near the intersection of Goldsmith Alley and Lemmon Street, Antoine CEASAR, Anthony SMITH, and Daryll STILL, all members of the Enterprise, distributed 10 gel caps containing a mixture of heroin and fentanyl to UC#110 in exchange for $60 of U.S. currency.

32. On December 18, 2019, at or near the intersection of Goldsmith Alley and Lemmon Street, Antoine CEASAR and Anthony SMITH distributed 20 gel caps containing a mixture of heroin and fentanyl to UC#951 in exchange for $120 of U.S. currency.

33. On December 18, 2019, at or near the intersection of Goldsmith Alley and Lemmon Street, Antoine CEASAR and Daryll STILL distributed 30 gel caps containing a mixture of heroin and fentanyl to UC#49, in exchange for $180 of U.S. currency.

34. On December 18, 2019, Xavier JOHNSON communicated with Tyree HOLMES about the seizure of CDS that occurred the previous day, on December 17, 2019. JOHNSON criticized HOLMES's running of the CDS shop and instructed him to improve. HOLMES apologized and indicated that the seizure happened when he was not there.

35. On December 19, 2019, Xavier JOHNSON met with Donte JONES at the McDonald's located at 2501 W. Franklin Street and Xavier JOHNSON gave Donte JONES suspected CDS. Donte JONES then drove to the 1900 block of W. Lombard and resupplied the Enterprise's CDS shop.

36. On December 23, 2019, Kevin ELLIOTT, a member of the Enterprise, and Donte JONES distributed 9 gel caps of fentanyl to Latonya Ferguson and 2 gel caps of fentanyl to Jessica Payne.

37. On December 31, 2019, at or near 2814 Auchentoroly Terrace, Antoine CEASAR distributed CDS to an unknown individual.

38. On January 1, 2020, Donte JONES contacted Kennard RICE to see if RICE needed more CDS.

39. On January 15, 2020, at or near the 1900 block of W. Lombard Street, two unidentified members of the Enterprise, distributed 50 gel caps containing fentanyl to UC#49 in exchange for $250 of U.S. currency.

40. On January 15, 2020, at or near the intersection of Goldsmith Alley and Lemmon Street, Tyrone JONES and Curtis CAROLINA, both members of the Enterprise, maintained and distributed CDS from a stash location containing 35 gel caps containing fentanyl.

41. On January 18, 2020, at or near the 1900 block of W. Lombard Street, Kennard RICE gave Donte JONES the Enterprise's CDS proceeds from the night's operation. Later, Donte JONES gave the CDS proceeds to Xavier JOHNSON.

42. On January 18, 2020, Donte JONES resupplied Tyrone JONES and Anthony SMITH at the Enterprise's CDS shop at the 1900 block of W. Lombard Street.

43. On January 19, 2020, Donte JONES, Kennard RICE, and Anthony SMITH met in JONES's vehicle. JONES provided three rolls of U.S. currency to Kennard RICE. Donte JONES

then traveled to his home at 1201 N. Charles Street. Later, Donte JONES met with Tyrone JONES near the Enterprise's CDS shop at the 1900 block of W. Lombard Street. Tyrone JONES entered the passenger seat of Donte JONES's vehicle, and Donte JONES gave Tyrone JONES two handfuls of suspected CDS.

44. On January 20, 2020, Xavier JOHNSON gave a bag of suspected CDS to Donte JONES. Donte JONES then resupplied Anthony SMITH at the Enterprise's CDS shop at the 1900 block of W. Lombard Street with the bag of suspected CDS he received from Xavier JOHNSON.

45. On January 21, 2020, Donte JONES met with Anthony SMITH, where they discussed the Enterprise's CDS sales. Later, they met with Tavon LUNSFORD in JONES's vehicle. LUNSFORD provided JONES with an amount of U.S. currency. JONES then met with Xavier JOHNSON and they discussed Enterprise business including a recent robbery, CDS prices, and stash locations.

46. On January 22, 2020, Tavon LUNSFORD entered Donte JONES's vehicle and gave JONES an amount of U.S. currency. Donte JONES then met with Xavier JOHNSON, who had a bag containing suspected CDS, at the Exxon gas station on Russell Street. JOHNSON entered Donte JONES's vehicle with the suspected CDS. Donte JONES gave JOHNSON an amount of U.S. currency, and Xavier JOHNSON gave Donte JONES the bag of suspected CDS. Donte JONES then returned to 1201 N. Charles Street, a stash location for the Enterprise, with the bag of suspected CDS. Donte JONES later left the stash location and parked at Frederick Avenue and Monroe Street to resupply the Enterprise's CDS shop at 1900 W. Lombard Street.

47. A short time later that same day, January 22, 2020, near the CDS shop location of 1900 Lombard Street, Tyrone JONES entered into Donte JONES's vehicle and took possession of the bag of CDS. Immediately upon exiting the vehicle, Tyrone JONES observed law enforcement approaching him. Tyrone JONES then dropped the bag of CDS and fled, before ultimately being apprehended. The bag contained 753 gel caps of fentanyl. After Tyrone JONES was released, he met with Daryll STILL and Anthony SMITH and reported the incident and seizure of the CDS. Anthony SMITH, in his supervisory role, informed Donte JONES, who then subsequently informed Xavier JOHNSON.

48. On January 23, 2020, Donte JONES met with Anthony SMITH, and gave SMITH a bag of suspected CDS. Later, Donte JONES met with Xavier JOHNSON. JOHNSON and Donte JONES discussed Tyrone JONES getting chased and losing the fentanyl from the day before. Xavier JOHNSON and Donte JONES then discussed CDS mixing ratios before delivering suspected CDS to one of the Enterprise's stash locations at 2426 Edmondson Avenue. JONES and JOHNSON then drove around in JONES's car and performed CDS distributions. While JONES operated the vehicle, JOHNSON maintained a firearm, often placing it on the center console.

49. On January 26, 2020, Kennard RICE, gave Donte JONES proceeds from the Enterprise's CDS sales. Donte JONES then went to the 1900 block of W. Lombard Street and met with Anthony SMITH and Tyrone JONES. Anthony SMITH gave Donte JONES additional proceeds from the Enterprise's CDS sales.

50. On January 26, 2020, Donte JONES met with Xavier JOHNSON at the Mondawmin Mall parking lot. Donte JONES left carrying a bag of suspected CDS and then traveled to the Enterprise's CDS shop at Hollins Street and Monroe Street where he resupplied Anthony SMITH.

51. On January 28, 2020, Donte JONES, who was operating his vehicle, observed law enforcement behind him activate their emergency lights and sirens at the intersection of Park Heights and Druid Hill Drive, in Baltimore City, Maryland. Donte JONES attempted to flee at a high rate of speed. JONES drove his vehicle over a curb and disabled both front tires. JONES continued to drive the vehicle down Liberty Heights and officers observed Donya SHORT, a member of the Enterprise and passenger in the vehicle, throw suspected CDS outside of the vehicle's window. The vehicle became fully disabled at the intersection of Edgewood avenue and Liberty Heights. JONES possessed $2,441.77 of U.S. currency of suspected CDS sale proceeds inside the vehicle.

52. On January 29, 2020, Donte JONES told Donya SHORT that officers from the stop the night before missed recovering a package of CDS hidden inside the vehicle.

53. On February 21, 2020, Donte JONES and Xavier JOHNSON went to Bab's Record Store at 6336 Marlboro Pike, District Heights, Maryland, and obtained CDS processing material.

54. On February 25, 2020, Donte JONES and Aleycha OWENS, a member of the Enterprise, entered 833 Seagull Avenue, a stash location for the Enterprise maintained by Aleycha OWENS. Donte JONES left a few minutes later with a small white plastic bag containing suspected CDS.

55. On February 26, 2020, Donte JONES drove to 833 Seagull Avenue carrying two bags, which he took into the building. A few minutes later, Donte JONES returned to his vehicle with a different black bag containing suspected CDS. Donte JONES then resupplied the Enterprise's CDS shop at the 1900 block of W. Lombard Street.

56. On the evening of February 26, 2020, Xavier JOHNSON and Jamontaz MITCHELL, a member of the Enterprise, left 833 Seagull Avenue and drove to various locations and distributed suspected CDS from JOHNSON's vehicle.

57. In the morning of February 28, 2020, at 833 Seagull Avenue, Aleycha OWENS, who lived at and managed the stash location, possessed over two kilograms of CDS including fentanyl and heroin, as well as packaging and processing materials. These items were seized by law enforcement pursuant to a search warrant.

58. On February 28, 2020, after the search warrant was completed and law enforcement had left, Xavier JOHNSON, Isaiah MOORE, a member of the Enterprise, and Jamontaz MITCHELL drove to 833 Seagull Avenue. MITCHELL entered the residence and then returned to the vehicle and said something to JOHNSON. JOHNSON then handed MITCHELL a firearm. All three occupants them exited the car and MITCHELL and JOHNSON ran to and entered the

residence. A few moments later, JOHNSON, MITCHELL, and MOORE returned the vehicle, and MOORE drove them away.

59. Later, on February 28, 2020, Xavier JOHNSON, Donte JONES, and Jamontaz MITCHELL, went to the Enterprise's stash location at 2426 Edmondson Avenue. MITCHELL retrieved a black bag containing suspected CDS from JONES's car and took it inside 2426 Edmondson Avenue. JOHNSON and JONES then traveled to Bab's Record Store.

60. On February 28, 2020, after leaving from Bab's Record Store, Xavier JOHNSON, MOORE, and MITCHELL returned to 2426 Edmondson Avenue. MITCHELL carried a black trash bag containing suspected CDS out of 2426 Edmondson Avenue and put it in the car. Xavier JOHNSON then drove to the 2800 block of Mulberry Street, a street that featured additional stash locations belonging to the Enterprise and managed by Terry JONES, a member of the Enterprise. JOHNSON met with JONES and told him "That's a brick, cuz break 22 off for me."

61. On February 29, 2020, Xavier JOHNSON removed a large amount of U.S. currency from his trunk and counted it. Xavier JOHNSON later met Donte LEWIS, a member of the Enterprise, and provided him with the large amount of U.S. currency. Later that day, LEWIS traveled to Terry JONES's residence at 2801 Mulberry Street to drop off the large amount of currency for storage.

62. On March 1, 2020, Xavier JOHNSON took proceeds of the Enterprise and a bag containing suspected CDS into 2426 Edmondson Avenue.

63. On March 1, 2020, Donte LEWIS and Xavier JOHNSON drove to the 2800 block of Mulberry. LEWIS exited, and then returned to the vehicle almost immediately. LEWIS and JOHNSON then left the area. A few hours later, LEWIS and JOHNSON returned to the 2800 block of Mulberry. JOHNSON had a conversation with an unknown male where JOHNSON said "I'm here." A few minutes later, Donte LEWIS and JOHNSON exited the vehicle.

64. On March 2, 2020, Xavier JOHNSON and Donte LEWIS drove to Bab's Record Store. JOHNSON left the store with black plastic bags consistent with the bags Donte JONES brought into 833 Seagull Avenue on February 26, 2020. LEWIS and JOHNSON drove to the 1500 block of Pennsylvania Avenue and the 2800 block of Mulberry Street and resupplied the Enterprise's CDS shop.

65. On March 2, 2020, Donte JONES drove to the 1500 block of Pennsylvania Avenue. JONES took a bag of suspected CDS from his vehicle and took it over to a white SUV. JONES placed the bag in the front passenger seat of the vehicle.

66. On March 2, 2020, in the 2800 block of Mulberry Street, Donte LEWIS and Xavier JOHNSON entered JOHNSON's vehicle. LEWIS placed a large bag of suspected CDS in the back seat. JOHNSON drove to the Royal Farms and met Donte JONES, parking their vehicles next to each other. LEWIS exited JOHNSON's vehicle carrying the bag of suspected CDS from the back seat. Donte LEWIS handed the bag to Donte JONES. Later, JOHNSON was observed counting CDS from a small bag on his lap.

67. On March 2, 2020, Donte JONES returned to Hollins Street, between Fulton and Monroe, which is the known parking location for Donte JONES when he interacts with members of the Enterprise who operate in the 1900 block of W. Lombard Street. Donte JONES then drove to 613 Payson Street, a residence associated with Kennard RICE and a stash location for the Enterprise.

68. On March 3, 2020, at or near the intersection of Goldsmith Alley and Lemmon Street, Antoine CEASAR and Curtis CAROLINA distributed 23 gel caps of fentanyl to UC#49 in exchange for $115 of U.S. currency.

69. On March 4, 2020, Donte JONES parked in the 1900 block of W. Lombard Street. Anthony CEASAR's vehicle was also parked near JONES's vehicle in the area.

70. On March 5, 2020, at or near the intersection of Goldsmith Alley and Lemmon Street, Crystall KIRBY, a member of the Enterprise, and an unknown male, working on behalf of the Enterprise, distributed 20 gel caps containing a mixture of heroin and fentanyl to UC#49 in exchange for $100 of U.S. currency.

71. On March 6, 2020, Jamontaz MITCHELL, Xavier JOHNSON, and Donte LEWIS drove to the 2800 block of Mulberry Street. After performing counter surveillance, MITCHELL, JOHNSON, and LEWIS were approached by Terry JONES who advised JOHNSON that "the door was open." JOHNSON responded, "I'll be there in five minutes." MITCHELL, JOHNSON, and LEWIS then exited the vehicle and walked to the end home on the odd-numbered side of the street. MITCHELL, JOHNSON, and LEWIS hurdled the dividers between the homes until they reached and entered 2819 W. Mulberry Street, a stash location for the Enterprise. MITCHELL, JOHNSON, and LEWIS remained in the location for several hours.

72. The execution of several court-ordered search and seizure warrants of locations controlled by the Enterprise, revealed the following: in the morning of March 7, 2020, at 2801 Mulberry Street, Terry JONES possessed a stolen handgun as well as the proceeds from the Enterprise's CDS sales. At 2805 Mulberry Street, the Enterprise possessed materials utilized to package CDS. At 2819 Mulberry Street, Travis BOYETTE, a member of the Enterprise who managed the stash location, possessed 4.7 kilograms of CDS, including fentanyl and fentanyl mixtures, as well as packaging materials, hazmat suits, and masks.

73. On March 7, 2020, Donte LEWIS met with Xavier JOHNSON inside a vehicle at 2224 Madison Street. JOHNSON gave LEWIS a large amount of U.S. currency. Later, Jamontaz MITCHELL entered the vehicle and LEWIS gave MITCHELL an amount of U.S. currency.

74. On March 12, 2020, Donte JONES picked up Anthony SMITH and then both traveled to the Enterprise's CDS shop at 1900 block of W. Lombard Street.

75. On April 18, 2020, Donte JONES messaged a CDS customer and told him that the Enterprise needed to "fall back" because of they have had "so much bs going on." JONES reassured the customer that JONES would contact him once things returned to normal.

76. In the early morning of April 24, 2020, law enforcement agencies conducted multiple search warrants at locations controlled by the Enterprise. Later that morning, JOHNSON messaged a mentor using his social media account and said not to tell anyone, but they "hit" all of his spots. JOHNSON then asked if his mentor thought law enforcement was closing in on JOHNSON.

77. On April 24, 2020, in his vehicle at the intersection of S. Monroe and Goldsmith Alley, Baltimore, Maryland, Antoine CEASAR possessed 1 gel cap of fentanyl.

78. On April 25, 2020, at 2426 Edmondson Avenue, Baltimore, Maryland, a location controlled by the Enterprise, Jamontaz MITCHELL possessed a handgun and Isaiah MOORE claimed ownership of the residence.

*[CR 9-804(a)] CJIS 1-1394*

## COUNT TWO
## (PARTICIPATION IN A CRIMINAL GANG – CONSPIRACY)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that, aforesaid DEFENDANT, at least as early as November 2018 through the present day, in Baltimore City and Baltimore County, of the State of Maryland, did conspire with others known and unknown to the Jurors, to participate in a criminal gang, knowing that the members of said gang engage in criminal gang activity and knowingly and willfully directed and participated in an underlying crime for the benefit of, at the direction of, and in association with a criminal gang, in violation of the Criminal Law Article, Section 9-804(d), of the Maryland Code; against the peace, government, and dignity of the State.

*Note: the background, manner, means, methods, and additional overt acts listed in Count 1 above are incorporated by reference herein.*

*[CR 9-804(d)] CJIS 1-1395*

## COUNT THREE
## (COMMON LAW CONSPIRACY – MAINTAIN AND PROMOTE CRIMINAL ENTERPRISE BY UNLAWFUL MEANS)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that, aforesaid DEFENDANT, at least as early as November 2018 through the present day, in Baltimore City and Baltimore County, of the State of Maryland, along with others known and unknown to the Jurors, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree to maintain, further, facilitate, enrich, promote, and protect a criminal enterprise, accomplishing this objective by unlawful criminal means, including, but not limited to, illegal trafficking of controlled dangerous substances ("CDS"), unlawful possession of firearms, and acts of violence in violation of the common law of Maryland; against the peace, government, and dignity of the State.

*Note: the background, manner, means, methods, and additional overt acts listed in Count 1 above are incorporated by reference herein.*

*[Common Law]*

## COUNT FOUR
## (CONSPIRACY TO DISTRIBUTE CONTROLLED DANGEROUS SUBSTANCES)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that, aforesaid DEFENDANT, at least as early as November 2018 through the present day, in Baltimore City and Baltimore County, of the State of Maryland, along with others known and unknown to the Jurors, unlawfully did conspire with certain other persons whose names are known and unknown to the Jurors, to distribute controlled dangerous substances, including but not limited to Heroin (Schedule I), and Fentanyl (Schedule II), in violation of the Common Law against the peace, government and dignity of the State.

*[Common Law; CR 5-602] CJIS 1-C-1118*

## COUNT FIVE
## (POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in an amount greater than 5 grams, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT SIX**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance, Schedule I, to wit: heroin, in an amount greater than 28 grams, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT SEVEN**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, at 833 Seagull Avenue Apt. A3, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance, Schedule II, to wit: fentanyl, in an amount greater than 28 grams or more of any mixture containing a detectable amount, as scientifically measured using representative sampling methodology, of fentanyl, or any structural variation of fentanyl that is scheduled by the United State Drug Enforcement Administration, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT EIGHT**
**(FIREARM – DRUG TRAFFICKING NEXUS)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did, during and in relation to a drug trafficking crime, possess a firearm, to wit: a handgun, under sufficient circumstances to constitute a nexus to the drug trafficking crime, in violation of Criminal Law Article, Section 5-621(b)(1) of the Maryland Code; against the peace, government, and dignity of the State.

*[CR 5-621(b)(1)] CJIS Code 1-0493*

**COUNT NINE**
**(FIREARM – TRANSPORT IN VEHICLE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, at or near 833 Seagull Avenue, in the City of Baltimore, State of Maryland, did transport a handgun in a vehicle upon public roads and highways, in violation of Criminal Law Article, Section 4-203 of the Maryland Code; against the peace, government, and dignity of the State.

*[CR 4-203] CJIS Code 1-0175*

**COUNT TEN**
**(REGULATED FIREARM: ILLEGAL POSSESSION BY PERSON WITH DISQUALIFYING CRIME)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, at or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did knowingly possess a regulated firearm: to wit: a handgun, after having been convicted of disqualifying crimes, to wit: possession of more than 10 gram of marijuana, in violation of Public Safety Article, Section 5-133(b)(1); against the peace, government and dignity of the State.

*[PS 5-133(b)(1)] CJIS Code 1-1106*

**COUNT ELEVEN**
**(REGULATED FIREARM: ILLEGAL POSSESSION BY PERSON UNDER 21)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, at or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did, being under 21 years of age, possess a regulated firearm: to wit: a handgun, in violation of Public Safety Article, Section 5-133(d); against the peace, government and dignity of the State.

*[PS 5-133(d)] CJIS Code 1-5285*

**COUNT TWELVE**
**(POSSESSION WITH INTENT TO DISTRIBUTE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in sufficient quantity reasonably to indicate under all circumstances an intent to distribute and dispense a controlled dangerous substance, in violation of Criminal Law Article, Section 5-602(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-602(2)] CJIS Code 1-1119*

**COUNT THIRTEEN**
**(POSSESSION WITH INTENT TO DISTRIBUTE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule I, to wit: heroin, in sufficient quantity reasonably to indicate under all circumstances an intent to distribute and dispense a controlled dangerous substance, in violation of Criminal Law Article, Section 5-602(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-602(2)] CJIS Code 1-1119*

**COUNT FOURTEEN**
**(POSSESSION WITH INTENT TO DISTRIBUTE – FENTANYL)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did knowingly possess in sufficient quantity to indicate an intention to distribute a controlled dangerous substance containing fentanyl, in violation of Criminal Law Article, Section 5-608.1(a) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-608.1(a)] CJIS Code 1-0908*

**COUNT FIFTEEN**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near the 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in violation of Criminal Law Article, Section 5-601(a)(1) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-601(a)(1)] CJIS Code 1-1111*

**COUNT SIXTEEN**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near the 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule I, to wit: heroin, in violation of Criminal Law Article, Section 5-601(a)(1) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-601(a)(1)] CJIS Code 1-1111*

**COUNT SEVENTEEN**
**(POSSESSION OF PARAPHERNALIA)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near the 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess drug paraphernalia of a controlled dangerous substance of Schedule II, to wit: fentanyl, in violation of Criminal Law Article, Section 5-619(c)(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-619(c)(2)] CJIS Code 5-3550*

**COUNT EIGHTEEN**
**(POSSESSION OF PARAPHERNALIA)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about February 28, 2020, in or near the 833 Seagull Avenue, Apt. A3, in the City of Baltimore, State of Maryland, did possess drug paraphernalia of a controlled dangerous substance of Schedule I, to wit: heroin, in violation of Criminal Law Article, Section 5-619(c)(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-619(c)(2)] CJIS Code 5-3550*

**COUNT NINETEEN**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in an amount greater than 5 grams, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT TWENTY**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance, Schedule I, to wit: heroin, in an amount greater than 28 grams, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT TWENTY-ONE**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE – LARGE AMOUNT)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did unlawfully possess a controlled dangerous substance, Schedule II, to wit: fentanyl, in an amount greater than 28 grams or more of any mixture containing a detectable amount, as scientifically measured using representative sampling methodology, of fentanyl, or any structural variation of fentanyl that is scheduled by the United State Drug Enforcement Administration, in violation of Criminal Law Article, Section 5-612 of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-612] CJIS Code 1-0881*

**COUNT TWENTY-TWO**
**(POSSESSION WITH INTENT TO DISTRIBUTE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in sufficient quantity reasonably to indicate under all circumstances an intent to distribute and dispense a controlled dangerous substance, in violation of Criminal Law Article, Section 5-602(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-602(2)] CJIS Code 1-1119*

**COUNT TWENTY-THREE**
**(POSSESSION WITH INTENT TO DISTRIBUTE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule I, to wit: heroin, in sufficient quantity reasonably to indicate under all circumstances an intent to distribute and dispense a controlled dangerous substance, in violation of Criminal Law Article, Section 5-602(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-602(2)] CJIS Code 1-1119*

**COUNT TWENTY-FOUR**
**(POSSESSION WITH INTENT TO DISTRIBUTE – FENTANYL MIXTURE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland did knowingly possess in sufficient quantity to indicate an intention to distribute a controlled dangerous substance containing a mixture that contains heroin and a detectable amount of fentanyl, in violation of Criminal Law Article, Section 5-608.1(a) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-608.1(a)] CJIS Code 1-0908*

**COUNT TWENTY-FIVE**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule II, to wit: fentanyl, in violation of Criminal Law Article, Section 5-601(a)(1) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-601(a)(1)] CJIS Code 1-1111*

**COUNT TWENTY-SIX**
**(POSSESSION OF CONTROLLED DANGEROUS SUBSTANCE)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess a controlled dangerous substance of Schedule I, to wit: heroin, in violation of Criminal Law Article, Section 5-601(a)(1) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-601(a)(1)] CJIS Code 1-1111*

**COUNT TWENTY-SEVEN**
**(POSSESSION OF PARAPHERNALIA)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess drug paraphernalia of a controlled dangerous substance of Schedule II, to wit: fentanyl, in violation of Criminal Law Article, Section 5-619(c)(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-619(c)(2)] CJIS Code 5-3550*

**COUNT TWENTY-EIGHT**
**(POSSESSION OF PARAPHERNALIA)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on or about March 7, 2020, in or near 2801 W. Mulberry Street, in the City of Baltimore, State of Maryland, did possess drug paraphernalia of a controlled dangerous substance of Schedule I, to wit: heroin, in violation of Criminal Law Article, Section 5-619(c)(2) of the Maryland Code; against the peace, government and dignity of the State.

*[CR 5-619(c)(2)] CJIS Code 5-3550*

**COUNT TWENTY-NINE**
**(REGULATED FIREARM: ILLEGAL POSSESSION BY PERSON WITH DISQUALIFYING CRIME)**

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on April 24, 2020, at or near 2426 Edmondson Avenue, in the City of Baltimore, State of Maryland, did knowingly possess a regulated firearm: to wit: a handgun, after having been convicted of disqualifying crimes, to wit: possession of more than 10 gram of marijuana, in violation of Public Safety Article, Section 5-133(b)(1); against the peace, government and dignity of the State.

*[PS 5-133(b)(1)] CJIS Code 1-1106*

## COUNT THIRTY
## (REGULATED FIREARM: ILLEGAL POSSESSION BY PERSON UNDER 21)

The Jurors of the State of Maryland for the body of Baltimore City, do on their oath present that the aforesaid DEFENDANT, on April 24, 2020, at or near 2426 Edmondson Avenue, in the City of Baltimore, State of Maryland, did, being under 21 years of age, possess a regulated firearm: to wit: a handgun, in violation of Public Safety Article, Section 5-133(d); against the peace, government and dignity of the State.

*[PS 5-133(d)] CJIS Code 1-5285*

Brian E. Frosh /km

Brian E. Frosh
Maryland Attorney General

Theresa Morse
Assistant Attorney General
Organized Crime Unit
Maryland Attorney General's Office

Zachary Norfolk
Assistant Attorney General
Organized Crime Unit
Maryland Attorney General's Office

TO THE PERSON CHARGED:

1. This paper charges you with committing a crime.

2. If you have been arrested and remain in custody, you have the right to have a judicial officer decide whether you should be released from jail until your trial.

3. If you have been served with a citation or summons directing you to appear before a judicial officer for a preliminary inquiry at a date and time designated or within five days of service if no time is designated, a judicial officer will advise you of your rights, the charges against you, and penalties. The preliminary inquiry will be cancelled if a lawyer has entered an appearance to represent you.

4. You have the right to have a lawyer.

5. A lawyer can be helpful to you by:

(A) explaining the charges in this paper;
(B) telling you the possible penalties;
(C) explaining any potential collateral consequences of a conviction, including immigration consequences;
(D) helping you at trial;
(E) helping you protect your constitutional rights; and
(F) helping you get a fair penalty if convicted.

6. Even if you plan to plead guilty, a lawyer can be helpful.

7. If you are eligible, the Public Defender or a court-appointed attorney will represent you at any initial appearance before a judicial officer and at any proceeding under Rule 4-216.1 to review an order of a District Court commissioner regarding pretrial release. If you want a lawyer for any further proceeding, including trial, but do have the money to hire one, the Public Defender may provide a lawyer for you. The court clerk will tell you how to contact the Public Defender.

8. If you want a lawyer but you cannot get one and the Public Defender will not provide one for you, contact the court clerk as soon as possible.

9. **DO NOT WAIT UNTIL THE DATE OF YOUR TRIAL TO GET A LAWYER.** If you do not have a lawyer before the trial date, you may have to go to trial without one.

____________________________
Defendant

____________________________
Date/Time